## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
### (Civil Division)

Dean Mostofi           *
1737 Glastonberry Road
Potomac, Maryland 20854     *

       *Plaintiff,*       *

   v.                *

Equifax Information Services, LLC   *
1550 Peachtree Street, N.W.        Case No. V363892
Atlanta, GA 30309        *
*Serve On:*
CSC-Lawyers Incorporating Service   *
Company
7 St. Paul Street, Suite 1660      *
Baltimore, MD 21202       *
       *Defendant.*

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT WITH JURY DEMAND

Dean Mostofi, hereby files this Complaint for violations of the Fair Credit Reporting Act against Defendant, Equifax Information Services, LLC.

## JURISDICTION AND VENUE

1. Dean Mostofi (alternatively "Plaintiff" or "Mostofi") is a natural person who has, at all times relevant hereto, been a resident of Montgomery County, Maryland.

2. Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business located in Georgia. Equifax regularly conducts business in Maryland and has engaged in tortious activity in the state and thus jurisdiction in this Court is proper under Md. Cts. and Judicial Proceedings Code Ann §§6-103(b)(1), (b)(3), and (b)(4)  Venue is proper under §6-202(11).

RECEIVED

JUN 0 4 2012

Clerk of the Circuit Court
Montgomery County, Md.

3.    Venue and Jurisdiction are further proper pursuant to The Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), which provides authority to state courts to hear causes of action arising thereunder

4.    Broker Management Inc. ("BMI") is a corporate entity organized under Maryland law. Mostofi is the president of BMI.

5.    Mostofi, in his official capacity as president of BMI applied for a business credit card with Advanta Bank Corp. ("Advanta") for the purpose of receiving a business revolving credit line with Advanta  BMI's application was accepted and Advanta issued credit cards to BMI for its corporate use.

6.    In the normal course of business BMI made purchases from suppliers and engaged in other transactions *for corporate and business purposes* using the corporate credit cards issued by Advanta

7.    In 2009 Advanta illegally and without justification or prior notice to BMI, and in breach of the cardholder agreement, raised the credit card's annual interest rate from 7.99% to 35%. Consequently BMI stopped making payments to Advanta.

8.    Advanta was subsequently sued by the FDIC for its illegal business practices.

9.    The credit account established by Mostofi in his official capacity as president of BMI was intentionally opened as a business credit card in the name of the corporation.

10.    Advanta furnished and continues to furnish negative credit information about Mostofi to Equifax in connection with BMI's business credit account.

11.    Mostofi has informed Equifax and asked it to remove the negative information, which Equifax has refused to do.

2

## COUNT ONE

### (Violations of the Fair Credit Reporting Act)

Mostofi re-alleges and incorporates by reference the above allegations as if fully set forth herein.

12.     Plaintiff is a "Consumer" as defined by FCRA.

13.     Defendant Equifax is a "Credit Reporting Agency" as defined by FCRA

14.     The Defendant is required by the FCRA, upon notice of disputed information to (a) conduct an investigation, (b) to either verify the information or delete it within thirty days, and (c) to promptly notify the Plaintiff of same.

15.     Plaintiff personally notified Defendant in writing that the information being reported was inaccurate and attempted to resolve the errors, but such attempts were unsuccessful.

16.     Defendant has not complied with the FCRA

17.     The Fair Credit Reporting Act, 15 U.S.C. § 1681 i. provides:

Procedure in case of disputed accuracy . . .

(1) Reinvestigation required:

(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller ...

(6) Notice of results of reinvestigation.

(A) In general. A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by

3

mail or, if authorized by the consumer for that purpose, by other means available to the agency. . .

18.     Not only has Defendant ignored Plaintiff's written request for removal or at least a reinvestigation, Defendant knowingly and intentionally continues to report the disputed information, without any attempt to verify its accuracy in conscious disregard for rights of Plaintiff in violation of 15 U.S.C. § 1681i.

19.     When a Credit Reporting Agency violates the FCRA, it is liable to a consumer pursuant to §§1681 *et seq.*·

Civil liability for willful noncompliance:

(a) In general. Any person who willfully fails to comply with any requirement imposed under this *title* [15 USCS §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

20.     Upon information and belief, Defendant's noncompliance with the various requirements of the FCRA (as discussed in the preceding averments) was willful and has caused damage to Plaintiff

21     Plaintiff's damages include, but are not limited to, the excess interest paid to his creditors, all collateral charges, incidental and consequential damages, embarrassment and humiliation, punitive damages, reasonable attorneys' fees, and all court costs and expenses incurred in bringing this action. Plaintiff also seeks statutory damages as provided by 15 U.S.C. § 1681n. Plaintiff further requests an Order requiring Defendant to, in accordance with 15 U.S.C. § 1681i. *et seq,* immediately conduct an investigation,

and to either verify or delete the negative information within thirty days and to promptly notify the Plaintiff of same

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendant for:

A.   Compensatory damages and punitive damages in an amount not to exceed $ 75,000;

B.   Statutory damages as provided by 15 U.S.C. § 1681n.

C.   Pre-judgment interest to which he is entitled, at the standard legal rate of 6%; and in addition;

D.   Post-judgment interest on the verdict, at the standard legal rate of 10% for such post-judgment interest; and in addition;

E.   Attorney's fees and the costs of this action;

F.   An Order that Defendant immediately removes all inaccurate and disputed information from Plaintiff's credit file.

F.   Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Dean Mostofi
1737 Glastonberry Road
Potoma, Maryland 20854
Tel:(301) 867-3887
Fax. (800) 547-4541
E-mail: dean@deanmostofi.com
***Plaintiff, pro se***

5

U.S. POSTAGE
PAID
ROCKVILLE, MD
JUL 21. '12
AMOUNT

$5.20

00040477-09

21202

1000

UNITED STATES
POSTAL SERVICE

7012 1010 0000 3315 1777

1737 GLASTONBERRY RD.
POTOMAC. MD 20854

CSC-LAWYERS INCORPORATING
SERVICE COMPANY.
7 ST. Paul Street
Suite 1660
Baltimore, MD 21202